UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY       :
COMMISSION,                        :    CIVIL ACTION NO.  20-10372
                                   :    ECF CASE
                                   :
           Plaintiff,             :    COMPLAINT
                                   :
                                   :    JURY TRIAL DEMANDED
      v.                           :
                                   :
                                   :
COMPUTER SCIENCE CORP,             :
                                   :
           Defendant.             :
------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Anthony Yanetta and other similarly-aggrieved workers 40-years of age and older ("the protected age group") who were adversely affected by such practices.  As alleged with greater particularity in paragraph 12 below, Defendant Computer Science Corp. engaged in a nation-wide pattern or practice of discharging older workers because of their age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 7(b) of the Age Discrimination in Employment Act ("ADEA") of 1967 as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 19 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Computer Sciences Corporation, a Nevada Corporation, has continuously been doing business in the State of New York, and has continuously had at least 15 employees.  Since 2017, Defendant has been a wholly owned subsidiary of DXC Technology.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, multiple aggrieved individuals, including Yanneta, filed charges with the Commission alleging violations of the ADEA by Defendant.

7. On September 23, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant was in violation of the ADEA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 30, 2020 the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Between January 1, 2012 and December 31, 2014, Defendant engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). These unlawful employment practices include, but are not limited to the following:

(a) Defendant engaged in a nation-wide pattern or practice of discharging employees aged 40 and over because of their age.

(b) Starting around January 2011, Defendant engaged in a series of reductions in force ("RIFs"), purportedly for cost-cutting reasons.

(c) At the same time Defendant's Chief Executive Officer stated his desire for younger workers by using buzzwords like "transforming" the company, looking to be "more agile," and bringing in "high energy" people.

(d) During this period Defendant discharged employees in RIFs all over the country pursuant to directives from senior management. Defendant's desire for a younger workforce was communicated down the company's chain of command and guided the selection of employees for these RIFs.

(e) These RIFs resulted in the discharge of nearly twenty (20) percent of Defendant's employees in the protected age group while only approximately fourteen (14) percent of Defendant's younger workers were laid off.  This difference in the rates of selection for layoff between workers in the protected age group and younger workers was statistically significant. The chance that older workers would have been fired at such a higher rate than their younger colleagues through an age-neutral policy is less than one in 10,0000.

(f) The disproportionate share of older workers in the RIFs cannot be explained by their performance. Older workers, in general, had higher performance ratings than younger ones. And an employee's performance was far less predictive of their chance of getting laid off was far less than their age.

13. The unlawful employment practices complained of in paragraph 12 above have been done with malice or with reckless indifference to the federally protected rights of Defendant's employees in the protected age group.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of age.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above by providing the affirmative relief necessary to eradicate the effects of

its unlawful practices, including, but not limited to, reinstatement, back pay and front pay in amounts to be determined at trial.

  D. Order Defendant to pay all individuals adversely affected by the unlawful practices described above liquidated damages in amounts to be determined at trial.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: December 9, 2020
   New York, New York

           Sharon Fast Gustafson
           General Counsel

           Robert A. Canino
           Acting Deputy General Counsel

           Gwendolyn Reams
           Associate General Counsel

           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           131 M Street, N.E.
           Washington D.C. 20507


           Jeffrey Burstein
           Regional Attorney



           /s/Sebastian Riccardi
           Sebastian Riccardi
           Senior Trial Attorney

<s>    </s><s>    </s>EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5340
Facsimile: (212) 336-3623

<s>    </s><s>    </s>6