IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,　　　　　　　　　　　　　) ) ) | |
| 　　　　　　　　　　　　　　　　　　) | CIVIL ACTION NO. 20-cv-10372 |
| 　　　　　　Plaintiff,　　　　　　　) ) | |
| 　　　v.　　　　　　　　　　　　　　) ) ) ) | |
| COMPUTER SCIENCES CORPORATION　　) ) | |
| 　　　　　　Defendant.　　　　　　　) ) ) | |
| _____) | |

**CONSENT DECREE**

　　　Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging in its Complaint that Defendant Computer Sciences Corporation ("CSC")  is liable for certain violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Specifically, the EEOC alleged that CSC engaged in a nation-wide pattern or practice of discharging older workers in layoffs or reductions in force ("RIFs") because of their age, January 1, 2012 through December 31, 2014.   CSC became a wholly-owned subsidiary of DXC Technology Company ("DXC") effective April 1, 2017.

　　　DXC and CSC deny the allegations in the complaint.  Nonetheless, in order to avoid the disruption and uncertainty of litigation, the parties have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including as to CSC's parent DXC (CSC and its parent

DXC will hereinafter be referred to collectively as "the Responsible Parties"), their successors and assigns, subsidiaries, and any other entity with which they may merge or consolidate.  The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

<u>GENERAL PROVISIONS</u>

1.      This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying Charge Nos. 420-2014-00268, 440-2015-03000, 520-2013-02216, 520-2013-02292, 520-2013-02293, 520-2013-02478, 520-2013-03236, 520-2013-02999, 520-2013-02536, 540-2014-02680, and 846-2012-76813 except to the extent that these charges are also resolved by private settlement agreements with aggrieved individuals who are represented by private counsel, the monetary and other terms of which are confidential.

2.      Nothing in this Consent Decree shall constitute an admission by CSC or DXC, their successors and assigns, subsidiaries, or any other entity with which they may merge or consolidate. The parties agree that they voluntarily entered into this Decree, that it shall not constitute an adjudication on the merits of the case, and that it shall not be construed as a finding by the Court, or an admission, that CSC or DXC, their successors and assigns, subsidiaries, or any other entity with which they may merge or consolidate have violated the ADEA.

3.      The parties agree that this Decree fairly resolves the claims and issues alleged in this action and the underlying charges; that it constitutes a complete resolution of all claims of discriminatory termination under the ADEA resulting from layoffs or RIFs by CSC from January

1, 2012 through December 31, 2014; that it resolves all claims for monetary and nonmonetary relief, including but not limited to injunctive relief, based on such allegations; and that its entry shall further the interests of the ADEA, the public, and the persons within the scope of the charges and Complaint.  Except as to the claims and issues resolved here, this Decree should not be construed to affect the EEOC's rights to process pending or future charges against the Responsible Parties or to commence civil actions on any such charges.

4.      The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

5.      By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and approved or ordered by the Court.

6.      Whenever the Responsible Parties are required to send documents or other materials to the EEOC pursuant to this Decree, the Responsible Parties will send such matters by electronic mail to sebastian.riccardi@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

<u>INJUNCTIVE RELIEF</u>

7.      The Responsible Parties shall not discriminate against any individual, age 40 and over, because of the individual's age, in selection for a reduction in force.

8.      The Responsible Parties will not retaliate against any person because of opposition to any practice declared unlawful under the ADEA, or because of the filing of a charge, the giving of testimony or assistance, or participation in any manner in any investigation, proceeding, or

hearing under the statute.

ANOUNCEMENTS AND POLICY
PROHIBITING EMPLOYMENT DISCRIMINATION

9.      The Responsible Parties will maintain a policy to explicitly prohibit discrimination and harassment based on age. As part of this policy, the Responsible Parties will maintain an internal complaint procedure for employees who believe they have been discriminated against or harassed based on their age.  The Responsible Parties will submit copies of such policies and procedures to the EEOC for review upon reasonable request.

10.      Within one hundred and twenty (120) days of entry of this Consent Decree, the Responsible Parties will include, in an Americas Town Hall web meeting conducted by Executive leadership, discussion with a specific emphasis on the ADEA and Older Workers' Benefit Protection Act "OWBPA," potential age discrimination issues, and the Responsible Parties' procedures for preventing, identifying and addressing such issues, including in Workforce Reductions ("WFRs") and RIFs.

11.      No later than thirty (30) days after  entry of this Consent Decree, and annually throughout the duration of the Consent Decree, DXC's Chief Executive Officer will issue an internal, company-wide statement emphasizing the Responsible Parties' commitment to equal employment opportunity, and that unlawful discrimination or harassment, including based on age, will not be tolerated. This statement will be distributed to all employees via email and/or intranet posting.

PRACTICES AND POLICY REVIEW

12.      Within thirty (30) days of the entry of this Consent Decree, the Responsible Parties will hire or designate an officer at the Executive Vice President level or higher with experience in Human Resources or Employment Law, and who was not employed by CSC at the time of the

4

allegations in the Complaint, with the consent of the EEOC, whose consent will not be unreasonably withheld, to conduct the review described in the next sentence. The officer will review all of the Responsible Parties' current policies and practices regarding U.S. WFRs and RIFs, including but not limited to WFR and RIF directives, selection process, review and approval, manager communications, employee notice, description of OWBPA "decisional units", and off-boarding procedures, and will develop recommendations for further compliance with the ADEA.

13.      The officer will complete their review of the Responsible Parties' policies and practices within one hundred and eighty (180) days of being designated. After the review of the Responsible Parties' policies and practices is complete, the officer shall issue recommendations internally regarding any changes that they believe should be made to further compliance with the ADEA and OWBPA going forward.

14.      Within sixty (60) days of the completion of the officer's review, the Responsible Parties shall provide the EEOC with a report describing the officer's review and recommendations. This report will include a description of the specific policies and practices that they reviewed, a description of any issues identified, the steps taken to address  issues identified, including any steps necessary to further compliance with the ADEA, and the plan of action going forward, including any changes the Responsible Parties plan to implement and the timetable for those changes. This report shall be kept confidential and not shared, disclosed, or produced outside the EEOC.

15.       The Responsible Parties will implement the officer's recommendations with reasonable promptness and no later than six (6) months after providing results of the review to the EEOC.  The Responsible Parties shall provide an additional confidential report to the EEOC describing recommendations it has implemented and how those recommendations have been

implemented. This second report shall also be kept confidential and not shared, disclosed, or produced outside the EEOC.

TRAINING

16.     Within three hundred  (300) days of entry of the Consent Decree, the Responsible Parties will provide four (4) hours of live training to all Employee Relations and Human Resources personnel involved in U.S WFR/RIF actions for the Responsible Parties, on federal antidiscrimination laws, with a specific emphasis on the ADEA, the OWBPA, and potential age discrimination issues, and the Responsible Parties' procedures for preventing, identifying and addressing such issues, including in WFRs and RIFs.   This training will be conducted by internal resources and/or an outside organization approved by the EEOC (whose approval will not be unreasonably withheld).  the Responsible Parties agree that the agenda for this training, training materials and the qualifications of the trainer(s) shall be submitted confidentially to the EEOC prior to the training.  The training may be conducted remotely.  The Responsible Parties agree that within twenty (20) days of all the training session(s) being completed, the Responsible Parties shall submit a confidential list to the EEOC New York District Office of all individuals by name and job title who attended the training along with the date said training occurred.

17.     Within three hundred sixty (360) days of entry of the Consent Decree, the Responsible Parties will implement a mandatory computer-based training module of approximately 1-2 hours for all U.S. management employees of the Responsible Parties, on federal antidiscrimination laws, with a specific emphasis on the ADEA and OWBPA, potential age discrimination issues, and the Responsible Parties' procedures for preventing, identifying and addressing such issues.  This training module will be designed by internal resources and/or an outside organization approved by the Commission (whose approval will not be unreasonably

6

withheld or withdrawn).  The Responsible Parties agree that the content for this training and the qualifications of the designer(s) shall be submitted confidentially to the EEOC prior to its implementation.  The Responsible Parties agree that within twenty (20) days of the training module's implementation, the Responsible Parties shall confirm implementation to the EEOC New York District Office.  This training will be repeated annually throughout the duration of the Consent Decree, and may extend voluntarily beyond that period.  The Responsible Parties agree to report confidentially to the EEOC annually throughout the duration of the Consent Decree the employee identification number, job title, and date of completion for the managers completing the module.

<u>MONETARY RELIEF</u>

18.     The Responsible Parties shall pay the total sum of $700,000.00, which shall be divided between a class Settlement Fund and the estate of the Charging Party in Charge No. 420-2014-00268.

19.     Within forty (40) days of the entry of the Consent Decree, the Responsible Parties, directly or through the Claims Administrator, shall deposit $660,000 into a class settlement fund for the class of aggrieved individuals alleged in the EEOC's Complaint ("Settlement Fund"), by means of a segregated interest-bearing bank account identified to EEOC. The Responsible Parties acknowledge that the monies in this Settlement Fund are to be held in trust for the sole benefit of Eligible Claimants to be identified by EEOC pursuant to Paragraphs 22-31 of this Decree. At the same time, the Responsible Parties shall pay $40,000 to the estate of the Charging Party in Charge No. 420-3014-00268.  Prior to payment, the authorized representative of the estate shall provide a release in the form annexed hereto as Exhibit A.

20.     Within thirty (30) days of the entry of the Consent Decree, the Responsible Parties shall retain a specific professional individual or organization ("Claims Administrator"), approved by the EEOC (whose approval will not be unreasonably withheld) to oversee notice of the claims process and payments to the class of aggrieved individuals from the Settlement Fund.  If the Claims Administrator initially selected by the Responsible Parties thereafter declines to serve or to carry out its duties under this Decree, the Responsible Parties shall have fourteen (14) days to notify the EEOC in writing of the need for a replacement Claims Administrator and shall provide the EEOC with the name of a new Claims Administrator for approval by the EEOC (whose approval will not be unreasonably withheld).

21.     The Responsible Parties shall pay all costs associated with the selection and retention of the Claims Administrator and the performance of the Claims Administrator's duties under this Decree. However, the Responsible Parties shall have no responsibility for the administration of the Settlement Fund assumed by the Claims Administrator, and shall have no role in selecting who shall receive payments from the Settlement Fund or determining the amounts of such payments.

22.     Within ninety (90) days of the entry of the Consent Decree, the Responsible Parties shall provide the Claims Administrator and the EEOC an Excel file containing the names of all individuals who were discharged (i.e. laid off) by CSC in a reduction in force in the U.S.,  January 1, 2012 through December 31, 2014, who were 40 or more years of age at the time of layoff, and who received the highest performance rating in the most recent annual performance evaluation prior to layoff ("Potential Claimants").  For each such Potential Claimant, the Responsible Parties shall provide the individual's (a) last known address(es); (b) last known phone number(s); (c) last known personal email address(es); and (d) date of termination.

23.    Within thirty (30) days of receipt of the list described in Paragraph 22, the Claims Administrator shall send each identified Potential Claimant a Notice and Questionnaire (as described in Paragraph 26) informing them of the settlement and providing information about submitting a claim on the Settlement Fund.  This Notice shall be drafted by the EEOC and the Responsible Parties. The EEOC may also work with the Claims Administrator to identify Potential Claimants and assist gathering paperwork necessary for the claims process.

24.    The Claims Administrator shall make diligent efforts to provide notice of the settlement to any individual whose Notice is returned as undeliverable, including the use of reasonable skip trace resources and an additional mailing, to locate any individual whose Notice is returned as undeliverable, and provide Notice.  The Responsible Parties agree to provide the Claims Administrator, confidentially, the Social Security Number(s) of such individual(s) if required for, and for the sole purpose of, its diligent efforts to locate them.  Any individual for whom the Claims Administrator or EEOC is unable to find current address information will not be eligible for relief under the Consent Decree.

25.    Within one hundred and twenty (120) days of the entry of the Consent Decree, the Claims Administrator shall establish a website for the purposes of informing Potential Claimants of the settlement and of the process for making a claim on the settlement fund, and for submitting a claim on the Settlement Fund.  The content of the website shall be drafted and/or approved by the EEOC and the Responsible Parties.  The website shall be posted and accessible throughout, but not after, the Notice Period.

26.    The Claims Administrator shall work with the EEOC to develop a Questionnaire to be sent to the Potential Claimants for the purpose of submitting a claim on the Settlement Fund. The EEOC shall use the information provided on Questionnaires submitted by Potential Claimants

to determine (a) whether the Potential Claimant is eligible to participate in the settlement ("Eligible Claimant") and (b) the amount of any Settlement Award.  The EEOC shall have full and complete discretion under the terms of this Consent Decree to determine which of the Potential Claimants who timely returned a completed Questionnaire and a properly executed Release Form in the format annexed hereto as Exhibit B is an Eligible Claimant and  the amount of the Settlement Award, if any, to be provided to an Eligible Claimant.

27.     All documentation for any claims on the Settlement Fund, including Questionnaire, must be received by the Claims Administrator within 210 days of entry of the Consent Decree ("Notice Period").  The Claims Administrator will then issue Release Forms to Eligible Claimants. Within 270 days of entry of the consent decree, EEOC shall provide the Claims Administrator and the Responsible Parties with the names of Eligible Claimants who have timely returned properly executed Release Forms  (said properly executed Release Form being a prerequisite to receiving any Settlement Award), the amount of each such Eligible Claimant's Settlement Award, and information regarding apportionment of the award as lost wages and/or liquidated damages, by means of a "Distribution List."

28.     Within thirty (30) days of receipt of a Distribution List from EEOC, the Claims Administrator shall issue a check or checks, via first class mail, in the amount(s) designated by the EEOC to Eligible Claimants identified on the Distribution List.  Copies of this correspondence shall simultaneously be provided to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov. Each check will remain valid for 180 days.  To the extent any check may need to be reissued, the EEOC will so notify the Claims Administrator.

29.     The Claims Administrator, or the Responsible Parties based on information provided by the Claims Administrator,  shall prepare and distribute W-2 and 1099 reporting forms

to each Eligible Claimant, as well as to the estate of the Charging Party in Charge No. 420-2014-00268, and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. The Responsible Parties shall be solely responsible for any costs associated with the issuing and distributing of W-2s and 1099s to the Eligible Claimants. For any settlement award constituting back pay, the Responsible Parties shall pay the employer's portion of all deductions required by law, and such amounts shall not be deducted from payment of the monetary settlement amounts to Eligible Claimants. For any settlement award constituting liquidated damages, which shall not exceed 50% of the total settlement award to any Eligible Claimant, no withholdings shall be made. Within twenty one (21) days of the issuance of the W-2 or 1099 forms, the Responsible Parties shall notify the EEOC via e-mail to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

30.     With the exception of the employer's portion of deductions required by law, the Eligible Claimants shall be solely responsible for any taxes or related penalties, that may be assessed relating to any payments made pursuant to this Decree, including, but not limited to, all federal, state, and/or local taxes.

31.     The class Settlement Fund amount, and payments therefrom, are the sole payments to be made by the Responsible Parties, to Potential and/or Eligible Claimants pursuant to this Decree. No such payment or Settlement Award shall entitle any Claimant to additional compensation or benefits, including but not limited to, under any bonus, incentive, commission, equity, or other plan or benefit in place at any time, nor will it entitle any Claimant to any increased retirement, severance, 401(k), or matching benefits, or to deferred compensation or any other benefits. If any part of the Settlement Fund is unable to be paid, the remainder shall be distributed

as a cy pres award to a charitable organization, jointly selected by EEOC and the Responsible

Parties, that addresses the needs and promotes the rights of aging individuals.

<u>TERM OF DECREE AND RETENTION OF JURISDICTION</u>

32.     This Consent Decree, including the injunctive relief provided herein, will remain

in effect for two (2) years from the date of entry.  This case may be administratively closed but

will not be dismissed until the expiration of the Consent Decree.  The Decree will expire by its

own terms at the end of the two-year term, without further action by the parties or the Court.

33.     During the term of this Consent Decree, the Court will retain jurisdiction to enforce

this Consent Decree and its terms for all purposes including, but not limited to, the entering of all

orders, judgments and decrees as necessary to implement the relief provided herein for the duration

of this Consent Decree. No party will contest the validity of this Consent Decree or the jurisdiction

of the Court to enforce this Consent Decree and its terms during the term of the Consent Decree.

<u>MISCELLANEOUS PROVISIONS</u>

34.     Each party will bear its own expenses, attorneys' fees, and costs.

35.     Each signatory to this Consent Decree represents that they are fully authorized to

execute this Consent Decree and bind the party or parties on whose behalf they sign.

36.     The terms of this Consent Decree are and will be binding on the present and future

successors and assigns of Defendant.

37.     The EEOC may monitor compliance with the Consent Decree. The Responsible

Parties agree to maintain and, upon reasonable request, make available to EEOC non-privileged

records reasonably related to the specific provisions of this Consent Decree.  All such records shall

be kept confidential and not shared, disclosed, or produced outside the EEOC, except if and as

necessary to seek enforcement through judicial action of specific provisions of this Consent

Decree. Any such records shall remain confidential unless and until determination by the Court of any challenge to their confidentiality.

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*Jeffrey Burstein*

JEFFREY BURSTEIN
Regional Attorney

RAECHEL ADAMS
Supervisory Trial Attorney

SEBASTIAN RICCARDI
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (212) 336-3698
Fax: (212) 336-3623
Email: Sebastian.Riccardi@eeoc.gov

**FOR DEFENDANT COMPUTER SCIENCES CORPORATION**

Authorized Signatory

William L. Deckelman
EVP General Counsel

FOR DXC TECHNOLOGY COMPANY

Authorized Signatory

William L. Deckelman
EVP General Counsel

SO ORDERED, ADJUDGED AND DECREED this 11th day of December, 2020.

*Sidney H. Stein*

Sidney H. Stein, United States District Judge

# EXHIBIT A

# RELEASE

In consideration of $40,000, subject to any withholdings, to be paid to the estate of Anthony Yannetta, by CSC or DXC Technology in connection with the resolution of <u>EEOC v. Computer Sciences Corporation</u>, 20-cv-**** I, as the appropriate authorized representative of the estate of Anthony Yannetta,  waive, the Yannetta estate's right to recover for any claims, of employment discrimination arising under the Age Discrimination in Employment Act that Anthony Yannetta had against Computer Sciences Corporation prior to the date of this release and that were included in the claims alleged in his EEOC Charge, No. 420-2014-00268, and in the EEOC's complaint in <u>EEOC v. Computer Sciences Corporation</u>, 20-cv-*****.


Date: _____                   Signature: _____
                                                Name

(MARCH 2003)

# EXHIBIT B

# RELEASE

In consideration for at least $_____ to be paid to me by or on behalf of Computer Sciences Corporation  in connection with the resolution of <u>EEOC v. Computer Sciences Corporation</u>, 20-cv-**** (S.D.N.Y.), I waive my right to recover for any claims of employment discrimination, arising under the Age Discrimination in Employment Act that I had against Computer Sciences Corporation prior to the date of this Release and that were included the claims alleged in the EEOC's complaint in <u>EEOC v. Computer Sciences Corporation</u>, 20-cv-*****.

Date: _____          Signature: _____
                                                           Name

(MARCH 2003)